# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **NHI REIT OF TX-IL, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:19-cv-00117 |
| | ) |
| **THE LASALLE GROUP, INC.;** | ) |
| **TLG FAMILY MANAGEMENT, LLC;** | ) |
| **SOUTH BARRINGTON REIT** | ) |
| **TENANT, LLC; ARLINGTON REIT** | ) |
| **TENANT, LLC; OLINGBROOK REIT** | ) |
| **TENANT, LLC; RYSTAL LAKE REIT** | ) |
| **TENANT, LLC; and ROCKWALL** | ) |
| **REIT TENANT, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

With The LaSalle Group, Inc. ("LaSalle") and certain of its affiliates having filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq., the parties in this case agree that any claims as to LaSalle are subject to the automatic stay provision of 11 U.S.C. § 362. That provision generally prohibits "the commencement or continuation, including the issuance or employment or process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]" 11 U.S.C. § 362(a). The parties disagree, however, as to whether the stay should extend to the other Defendants, including the five Reit Tenant Defendants of whom LaSalle is the sole member. This dispute is crystallized in Plaintiff's Motion to Stay Litigation Against LaSalle Group, Inc. and to Proceed Against Remaining Defendants (Doc. No. 45), which Defendants oppose (Doc.

No. 47).

"Clearly, section 362(a)(1) stays any actions against the *debtor*." Patton v. Bearden, 8 F.3d 343, 348 (6th Cir. 1993) (emphasis in original). "Extending a stay to nonbankrupt co-defendants is justified only in 'unusual circumstances'" and this does not include "'separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation.'" Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 314 (6th Cir. 2000) (quoting Patton v. Bearden, 8 F.3d 343, 349 (6th Cir.1993)). Thus, "[i]n the absence of unusual circumstances, the automatic stay does not halt proceedings against solvent codefendants." In re Delta Air Lines, 310 F.3d 953, 956 (6th Cir. 2002).

"The pioneering decision regarding . . . 'unusual circumstances' indicates that said circumstances arise when 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" In re MCSi, Inc., 371 B.R. 270, 271 (S.D. Ohio 2004) (quoting A.H. Robins Company, Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir.1986)). "Courts interpreting this directive have stayed actions against non-debtor co-defendants 'where they have found that the bankrupt estate would be adversely affected because the creditor's action would prevent the non-debtor from contributing funds to the reorganization, or would consume time and energy of the non-debtor that would otherwise be devoted to a reorganization effort.'" Id.. at 271-72 (quoting Gray v. Hirsch, 230 B.R. 239, 243 (S.D.N.Y.1999)); see also, Baechel v. Republic Storage Sys., LLC, No. 5:16-CV-1403, 2018 WL 1243424, at *2 (N.D. Ohio Mar. 9, 2018) (collecting cases) (factors to be considered in determining whether to extend a stay because of unusual circumstances includes "such identity between the debtor and the third-party

defendant that the debtor may be said to be the real party defendant" or the "stay protection is essential to the debtor's efforts of reorganization"); USCO S.p.A. v. ValuePart, Inc., No. 2:14-CV-02590-JPM, 2015 WL 4601192, at *3 (W.D. Tenn. July 29, 2015) ("[U]nusual circumstances have been found (1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; or (3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party.").

The burden of showing "unusual circumstances" to extend the automatic stay falls on the party seeking the extension. Luppino v. York, 562 B.R. 894, 898 (W.D. Tex. 2016); In re Union Tr. Philadelphia, LLC, 460 B.R. 644, 657–58 (E.D. Pa. 2011). Defendants in this action have not carried their burden. They cite no cases where being a sole member of another entity makes extension of the stay appropriate, let alone automatic. Further, their only real substantive argument is that "in order to adjudicate any of the claims involving the entities in which LaSalle is the sole member, this Court would be forced to adjudicate matters related to debts allegedly incurred prior to LaSalle's bankruptcy petition date, involving the liability of entities entirely owned by LaSalle suggest extension of the automatic stay."  (Doc. No. 47 at 3).  This is entirely conclusory and insufficient to support extension of the stay. See Chord Assocs. LLC v. Protech, 2003-D, LLC, No. 07-5138 JFB AKT, 2010 WL 1257874, at *12 (E.D.N.Y. Mar. 25, 2010) (rejecting extension of automatic stay where all "Defendants have asserted are conclusory statements regarding the generalized impact on corporate debtors who have an extensive portfolio of such real estate investments all over the country").

3

As an alternative, Defendants argue that "this Court should deny the Motion without prejudice and temporarily stay this action, with the Motion to be reconsidered upon the earlier of the resolution of the Bankruptcy Case or until the Plaintiff obtains an order granting it relief from stay to pursue these specific claims against the Tenants and/or TLG." (Doc. No. 47 at 4). In the Court's view this would accomplish indirectly what the Court has chosen not to do directly, *i.e.* place the burden on Plaintiff to establish that the stay should be extended. Instead, the Court will opt for the approach taken in CresCom Bank v. Terry, 499 B.R. 494, 495 (D.S.C. 2013). There, CresCom sued CCT Reserve to recover on four separate loans, and also sued Edward Terry as the guarantor of the loans. After CCT filed a Chapter 11 petition, Terry moved to extend the automatic stay because he was the sole member of CCT and the only one who allegedly could effectively carry out its reorganization. Unconvinced that unusual circumstances existed, the court in CresCom concluded:

> Under the circumstances of this case, the Court concludes that the question of whether to extend the automatic stay to the present action is most appropriately considered by the bankruptcy court overseeing CCT's bankruptcy proceedings. Terry maintains that CCT's reorganization efforts will be harmed if he is forced to defend the instant suit and if he cannot infuse capital into the company. The bankruptcy court—with its expertise, greater access to financial facts, and jurisdiction to adopt the proposed reorganization plan—is in a superior position to assess the validity of these arguments. Accordingly, the Court will defer to the bankruptcy court's judgment on the matter. See Chi. Title Ins. Co. v. Lerner, 435 B.R. 732, 737 (S.D. Fla. 2010) (deferring to the bankruptcy court on the question of extending the automatic stay). Absent an order from the bankruptcy court extending the stay, this action shall proceed.

Id. at 497–98.

Likewise in this case, whether the stay should be extended is best left to the decision of the bankruptcy court, and this Court will defer to its judgment. In the interim, however, and until such a time as the bankruptcy court suggests otherwise, this case will proceed as to all Defendants, except

4

LaSalle.

Accordingly, Plaintiff's Motion to Stay Litigation Against LaSalle and Proceed Against Remaining Defendants (Doc. No. 45) is hereby **GRANTED.** Pending further Order of the Court, this case is hereby **STAYED** solely as to The Lasalle Group, Inc.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE